UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

RONALD FRANCIS and NICOLE HUNTER-FRANCIS,

Plaintiffs,

-against-

CITY OF NEW YORK, BRIAN CHRISTENSEN, Individually,
ADAM DUMELLE, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

CV 13      Docket No.      1546

Jury Trial Demanded

ROSS, J.

ORENSTEIN, M.J.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 22 2013 ★
BROOKLYN OFFICE

Plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

First, Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert

supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RONALD FRANCIS is a forty-three year old African American man residing in Brooklyn, New York.

7.     Plaintiff NICOLE HUNTER-FRANCIS is a forty-two year old African American woman residing in Brooklyn, New York.

8.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, BRIAN CHRISTENSEN, ADAM DUMELLE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On December 24, 2011, at approximately 1:00 a.m., plaintiffs were lawfully present at the corner of Marcy Avenue and Pulaski Street, Brooklyn, New York.

14.     Plaintiffs, who are husband and wife, observed the defendant officers arresting their son.

15.     Plaintiff RONALD FRANCIS lawfully, and without interfering with the arrest of his son, began video recording the defendant officers' actions with his phone.

16.     In retaliation for plaintiff RONALD FRANCIS' lawful behavior, a defendant officer approached plaintiff RONALD FRANCIS, grabbed him by the arm and knocked the phone out of plaintiff's hand.

17.     Defendant officers proceeded to punch plaintiff RONALD FRANCIS in the head and repeatedly strike him in the groin, stomach, back and body.

18.     Defendant officers then grabbed plaintiff RONALD FRANCIS, picked him up and slammed him onto a vehicle, and continued to strike him about his back and body while placing handcuffs on his wrists.

19.     After handcuffing plaintiff RONALD FRANCIS, the defendant officers dragged plaintiff to the ground, stepped on his legs, and then dragged plaintiff to a police vehicle by his arms.

20.     While assaulting and battering plaintiff, defendant officers stated in sum and substance: fuck you nigger, it's the 79 nigger, we'll fucking kill you.

21.     As a result of the defendant officers' actions plaintiff RONALD FRANCIS suffered pain, discomfort, and physical injuries.

22.     Defendant officers also assaulted and battered plaintiff NICOLE HUNTER-FRANCIS, causing her to suffer physical pain and discomfort.

23.     Defendant officers grabbed plaintiff NICOLE HUNTER-FRANCIS, slammed her down onto the hood of a car, then pushed her into other vehicles.

24.     Thereafter, the defendant offices released plaintiff NICOLE HUNTER-FRANCIS and imprisoned plaintiff RONALD FRANCIS in a police vehicle.

25.     The defendant officers transported plaintiff RONALD FRANCIS to the 79th police precinct and unlawfully imprisoned him therein.

26.     The defendant officers imprisoned plaintiff RONALD FRANCIS until December 25, 2011, when plaintiff was arraigned on baseless charges filed in Kings County Criminal Court under docket number 2011KN100523; said charges having been filed based on the false allegations of defendants BRIAN CHRISTENSEN and ADAM DUMELLE.

27.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority and acts of brutality.

28.     On July 20, 2012, the false charges filed against plaintiff RONALD FRANCIS were adjourned in contemplation of dismissal, and subsequently dismissed and sealed.

29.     Defendants BRIAN CHRISTENSEN, ADAM DUMELLE, and JOHN and JANE

4

DOE 1 through 10 participated in or were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

30.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on his race, and pursuant to a custom or practice of falsification.

31.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, disproportionately use force and arrest individuals due to discrimination against them based on their race and/or nationality, improperly use force against individuals in retaliation for their lawful exercise of their right to free speech, and engage in a practice of falsification.

32.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE

5

HUNTER-FRANCIS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37.     All of the aforementioned acts deprived plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

6

41.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants arrested plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS without probable cause, causing them to be detained against their will for an extended period of time and causing RONALD FRANCIS to be subjected to physical restraints.

44.    Defendants caused plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS to be falsely arrested and unlawfully imprisoned.

45.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

46.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS' constitutional rights.

48.     As a result of the aforementioned conduct of defendants, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS were subjected to excessive force and sustained physical injuries.

49.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (First Amendment Claim under 42 U.S.C. § 1983)

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The acts of the defendant officers were in retaliation for plaintiff RONALD FRANCIS' exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

52.     As a result of the aforementioned conduct of defendants, plaintiff RONALD FRANCIS was subjected to retaliation for the exercise of his First Amendment rights.

53.     As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

54.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

8

55.     Defendants maliciously issued criminal process against plaintiff RONALD FRANCIS by causing him to appear in Kings County Criminal Court.

56.     Defendants caused plaintiff RONALD FRANCIS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their illegal conduct.

57.     As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants had an affirmative duty to intervene on behalf of plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS, whose constitutional rights were being violated in their presence by other officers.

60.     The defendants failed to intervene to prevent the unlawful conduct described herein.

61.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS were subjected to excessive force, their liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and plaintiff RONALD FRANCIS was subjected to handcuffing and imprisoned without probable cause.

9

62.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The defendants seized, assaulted, battered, and detained plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS, and arrested and imprisoned plaintiff RONALD FRANCIS, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

65.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS were deprived of their rights under the Equal Protection Clause of the United States Constitution.

66.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The supervisory defendants personally caused plaintiffs RONALD FRANCIS and

NICOLE HUNTER-FRANCIS' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force, disproportionately using excessive force and arresting individuals due to discrimination against them based on their race and/or nationality, using excessive force and arresting individuals in retaliation for their lawful exercise of their right to free speech, and engaging in a practice of falsification.

73.    In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees which was the moving force behind the violation of plaintiffs RONALD FRANCIS and NICOLE HUNTER-

11

FRANCIS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS.

75.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS as alleged herein.

76.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS as alleged herein.

77.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS were detained, subjected to excessive force, and plaintiff RONALD FRANCIS was imprisoned without probable cause.

78.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS' constitutional rights.

79.     All of the foregoing acts by defendants deprived plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from the use of excessive force and/or the failure to intervene;

    C.     To be free from seizure and arrest not based upon probable cause;

    D.     To be free from malicious abuse of process; and

    E.     To receive equal protection under law.

80.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

81.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

86.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants arrested plaintiffs without probable cause.

89.     Plaintiffs were detained against their will for an extended period of time and plaintiff RONALD FRANCIS was subjected to physical restraints.

90.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

91.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

92.     As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

93.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent

14

harmful and offensive bodily contact.

95. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96. As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

97. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendants made offensive contact with plaintiffs without privilege or consent.

99. As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100. As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

101. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Defendants issued criminal process against plaintiff RONALD FRANCIS by

15

causing him to be arrested, and requiring his appearance in Kings County Criminal Court.

103.   Defendants compelled plaintiff's appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

104.   As a result of the foregoing, plaintiff RONALD FRANCIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

105.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

107.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

108.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

109.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

110.   As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

16

111.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

112.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

114.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

115.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief the defendant CITY OF NEW YORK failed to use

17

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

118.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

121.    As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

122.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth herein.

18

123. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

124. As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §11)

125. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126. As a result of defendants' conduct, plaintiffs were deprived of their right to equal protection of laws.

127. As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

128. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "127" with the same force and effect as if fully set forth herein.

129. As a result of defendants' conduct, plaintiffs were deprived of their right to

19

security against unreasonable searches, seizures, and interceptions.

130.  As a result of the foregoing, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs RONALD FRANCIS and NICOLE HUNTER-FRANCIS demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 22, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs RONALD FRANCIS and
NICOLE HUNTER-FRANCIS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

20